

TIN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 17-60217 |
| GULF COAST MARITIME SUPPLY, INC. | § | CHAPTER 11 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
<u>REGARDING THE WITHDRAWAL OF THE REFERENCE</u>
(Docket No. 93)

The United States of America, on behalf of its Alcohol and Tobacco Tax and Trade Bureau ("TTB"), seeks the mandatory withdrawal of the reference of the Debtor's objection to its proof of claim. For the reasons set forth below, the Court recommends that the District Court deny the motion.

### Background

1. Gulf Coast Maritime Supply, Inc. ("Gulf Coast") sells duty-free and excise tax exempt merchandise such as cigarettes and alcohol to international commercial ships when they enter the Port of Houston. As the owner and operator of an export warehouse, Gulf Coast is subject to regulation by TTB.

2. Prior to August 2013, Gulf Coast was owned 90% by Salem and Barbara Geller and 10% by their son, Jay Geller. Upon his death in August 2013, Mr. Geller's community interest in Gulf Coast passed to his widow, Barbara Geller. Gulf Coast continued to operate under the permit which existed at the time of Mr. Geller's death.

3. In April 2016, TTB notified Gulf Coast that its permit terminated 30 days after the date of Mr. Geller's death based upon an alleged change of control of Gulf Coast. TTB asserts that the change of control occurred with the passing of Mr. Geller's community interest in Gulf Coast to Mrs. Geller upon his death. TTB also notified Gulf Coast that, without a valid permit, it would be subject to taxes as well as criminal and civil penalties. In May 2016, the TTB issued a notice to Gulf Coast asserting a liability in the amount of $7,836,787.40.

4. Gulf Coast challenged the permit termination in the United States District Court for the District of Columbia under the Administrative Procedures Act. The District Court found that Gulf Coast's claims were subject to the Anti-Injunction Act and denied the challenge. *See Gulf Coast Maritime Supply, Inc. v. United States of America*, 218 F.Supp. 3d 92 (D.C. 2016). The District of Columbia Circuit affirmed the District Court's decision and held that Gulf Coast could directly challenge its liability for the alleged tax. *Gulf Coast Maritime Supply, Inc. v. United States of America*, 867 F. 3d. 123, 125 (D.C. Cir. 2017).

5. Gulf Coast filed a voluntary chapter 11 petition on December 20, 2017 [Docket No. 1].

6. On June 15, 2018, TTB filed a proof of claim in the amount of $8,331,931.95 [Claim No. 8-1]. TTB amended Claim No. 8 on April 8, 2019 to reflect an amount owed of $8,202,232.40 [Claim No. 8-2]. TTB filed a second proof of claim on June 18, 2018 in the amount of $8,331,931.95 [Claim No. 9-1]. TTB acknowledges that Claim No. 9 is a duplicate of Claim No. 8 although it has since failed to withdraw either claim [Docket No. 93]. TTB's claims are based on alleged unpaid taxes, penalties and interest for periods that TTB asserts the Gulf Coast operated without a valid permit.

7. Gulf Coast objected to TTB's proofs of claim on November 21, 2018 [Docket No. 89]. TTB filed its response to the objection on December 21, 2018 [Docket No. 94]. Gulf Coast filed its reply on March 1, 2019 [Docket No. 98].

8. TTB filed its Motion to Withdraw the Reference on December 21, 2018 [Docket No. 93]. In support of the request, TTB asserts that resolution of the claim objection triggers the provisions for mandatory withdrawal of the reference under 28 U.S.C. § 157(d) [Docket No. 93].

9. On March 11, 2019, the Court conducted a hearing on the TTB's motion. At the conclusion of the hearing, the Court took the matter under advisement.

## Analysis

10. This bankruptcy case was referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and General Order No. 2005-6. Once referred, the District Court may withdraw the referral, in whole or in part, for cause. 28 U.S.C. § 157(d). "[W]ithdrawal must be granted if it can be established (1) that the proceeding involved a substantial and material question of both Title 11 and non-Bankruptcy Code federal law; (2) that the non-Code federal law has more than a de minimis effect on interstate commerce; and (3) that the motion for withdrawal was timely." *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992). In their pleadings and arguments, the parties focused their arguments on the first element. The Court does not necessarily agree that elements two and three are satisfied but for purposes of this report and recommendation the Court has assumed that the parties stipulate to the presence of elements two and three.

11. The claim objection will involve the application of Texas marital property and probate law, federal bankruptcy law and certain provisions of Title 26 and Title 27. With respect to the requirement that the matter involve a substantial and material question of non-bankruptcy federal law, the Court must determine whether "those issues require the interpretation, as opposed to mere application of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996).

12. In resolving the parties' dispute, the Court will likely be required to (i) apply provisions of Texas marital property and probate law; (ii) determine whether a change of control

occurred upon Mr. Geller's death; and (iii) calculate the amount of any tax, penalty or interest that is owed by the bankruptcy estate. The Court could also be required to determine if any of TTB's claims are barred by limitations. These issues require only that the Court apply unambiguous state and federal laws to the facts of this case. The Court routinely performs this function in the normal course of resolving claim objections in bankruptcy cases.

13. The Court has carefully considered TTB's arguments. The Court is unpersuaded that the instant situation is a matter that will require the Court to delve into and interpret unexplored provisions of federal non-bankruptcy law and engage in the nuanced analysis of complicated tax provisions and federal regulations. Likewise, the Court does not accept the premise that it must necessarily "interpret" a non-bankruptcy federal statute as opposed to "apply" that statute unless a binding decision was previously issued by the Fifth Circuit Court of Appeals or the United States Supreme Court. Most of the issues faced daily by this Court never reach the Fifth Circuit. Moreover, such a premise ignores the guidance provided by a plethora of non-binding decisions issued by the District Court. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and involves the straightforward calculation of an amount owed by a single bankruptcy estate whose owner died in Texas. If the TTB's assessment of what constitutes interpretation and analysis of significant open and unresolved issues is correct, this Court could never adjudicate even one of the several thousand claim objections that are filed annually before the Court.

## Conclusion

For the reasons set forth above, the Court finds that mandatory withdrawal is inapplicable and recommends that the District Court deny the motion to withdraw the reference of Gulf Coast's objection to the proofs of claim filed by the TTB.

**SIGNED: April 29, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**