IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 17-60217** |
| **Gulf Coast Maritime Supply, Inc.,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**Motion by the United States to Withdraw the Reference**
(**Related to Doc. No. 89**)

**Pursuant to BLR 9013-1:**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

The United States of America (the "United States"), acting on behalf of its Alcohol and Tobacco Tax and Trade Bureau (the "TTB"), moves the Court to withdraw the reference regarding the Debtor's Objection to Claim of the Alcohol and Tobacco Tax and Trade Bureau.

**Summary**

The United States requests that the District Court withdraw the reference of the contested matter created by the Debtor's Objection to the claim of the TTB. Withdrawal of the reference is mandatory under 28 U.S.C. § 157(d) because resolving this contested matter requires consideration

1

of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

## Jurisdiction, Venue, and Constitutional Authority

Subject matter jurisdiction over this dispute arises under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), but it requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce, implicating 28 U.S.C. § 157(d).

Venue is proper in the Southern District of Texas under 28 U.S.C. § 1408.

The United States does not consent to the entry of a final order by the Bankruptcy Court concerning this dispute.

## Background

Gulf Coast Maritime Supply, Inc. (the "Debtor"), sells duty-free alcohol and tobacco as well as other sundries in the Houston ship channel. [Doc. No. 6]. Before filing bankruptcy, the Debtor derived a significant portion of its revenue from the sale of cigarettes on which federal excise tax had not been paid to ocean-going vessels. The Debtor's decision to engage in the sale of tax-free tobacco products as an export warehouse proprietor a subjects it to certain statutes and regulations monitored and enforced by the TTB.

Pursuant to a transfer that occurred and was reported to the TTB in 1994, the shares of the Debtor were held (a) 45% by Salem Geller, (b) 45% by Barbara Geller, and (c) 10% by Jay Geller. The United States is informed and believes that Salem Geller controlled the Debtor's day-to-day operations at this time.

The Debtor sells cigarettes manufactured by a number of companies, including Winston and Camel brands. R.J. Reynolds Tobacco manufactures Camel cigarettes, and R.J. Reynolds

Tobacco's largest manufacturing facility is located near Winston-Salem, North Carolina.[1] ITG Brands, a subsidiary of Imperial Brands PLC, manufactures Winston cigarettes, and ITG Brands has at least one manufacturing plant in Reidsville, North Carolina.[2] Cigarettes must be transported to Texas to be sold by the Debtor.[3]

On or about August 2, 2013, Salem Geller died, and his shares in the Debtor then transferred to Barbara Geller. This meant that Barbara Geller held 90% of the shares of the Debtor after Salem Geller's death. Additionally, at or around the time of Salem Geller's death, Jay Goldstein assumed actual control of the Debtor's affairs. The Debtor did not timely report the change in legal ownership or actual control to the TTB.[4]

In early 2016, the TTB learned about the death of Salem Geller. On or about April 14, 2016, the TTB notified the Debtor that (a) the Debtor's export warehouse permit terminated by operation of law thirty days after the death of Salem Geller, and (b) the Debtor was operating as an export warehouse in violation of applicable statutes and regulations.

On July 15, 2016, the Debtor filed its Complaint for Declaratory and Injunctive Relief against the United States in U.S. District Court in the District of Columbia. [Doc. No. 1, Case No. 1:16-cv-1461] (D.D.C.). The D.C. District Court dismissed the case, and the D.C. Circuit Court affirmed the dismissal.[5]

On October 24, 2016, TTB assessed federal excise taxes, interest, and penalties against Gulf Coast in excess of $8 million. On or about December 6, 2017, the TTB recorded a Notice of

---

[1] https://www.rjrt.com/transforming-tobacco/who-we-are/
[2] https://www.greensboro.com/rockingham_now/news/reidsville/itg-brands-plans-to-move-reidsville-production-to-nearby-greensboro/article_7554f08e-de52-11e8-90c1-a72391fd922f.html
[3] The United States is informed and believes that neither Camel nor Winston cigarettes are manufactured within the State of Texas.
[4] The Debtor should have notified the TTB through a new permit application. 27 C.F.R. § 44.107.
[5] *Gulf Coast Maritime Supply, Inc. v. U.S.*, 218 F.Supp.3d 92 (D.D.C. Oct. 25, 2016); *Gulf Coast Maritime Supply, Inc. v. U.S.*, 867 F.3d 123 (D.C. Cir. Aug. 11, 2017)

Federal Tax Lien with the Texas Secretary of State. The filing of the Notice of Federal Tax Lien perfected the TTB's lien against all of the Debtor's assets.

On December 20, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for protection under chapter 11 of the Bankruptcy Code. [Doc. No. 1]. The Debtor filed this case in response to TTB's lien. [Doc. No. 6, pp. 7-8].

On June 15, 2018, the TTB filed a proof of claim in the amount of $8,331,931.95. [Claim No. 8-1]; *see also* [Claim No. 9-1] (duplicate). The TTB asserted that this claim included: (a) a secured claim in the amount of $1,402,244.84 which was secured by all of the Debtor's assets pursuant to 26 U.S.C. § 6321, and (b) a priority unsecured claim in the amount of $3,188,045.97 which was entitled to priority status under 11 U.S.C. § 507(a)(8). The claim includes taxes, penalties, and interest for a number of periods while Debtor was operating without its export warehouse proprietor permit.

On November 21, 2018, the Debtor filed its Objection to Claim of the Alcohol and Tobacco Tax and Trade Bureau. [Doc. No. 89].[6] The Debtor's Objection raises a number of challenges to the tax claimed by the TTB by raising various arguments under Title 26 and related regulations dealing primarily with excise taxes.

[remainder of page intentionally left blank]

---

[6] The Debtor did not properly serve its objection until December 6, 2018. [Doc. No. 91].

**Relief Requested**

The United States requests that the District Court withdraw the reference of the contested matter initiated by the Debtor's Objection at [Doc. No. 89].

Withdrawal of the reference is mandatory when the movant establishes that:

(a) "[a] proceeding involves a substantial and material question of both Title 11 and non-Bankruptcy Code federal law;"

(b) "the non-Code federal law has more than a de minimis effect on interstate commerce;" and

(c) The motion for withdrawal is timely.

*In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992) (cited in *In re Memorial Production Partners LP*, 2018 WL 1807056, Adv. No. 17-3365 (Bankr. S.D. Tex. Feb. 9, 2018)).

**A.     Substantial and Material Question of Title 11 & Non-Bankruptcy Code Federal Law**

The United States' research indicates that every "district court in the Fifth Circuit that has considered the issue, including those in the Southern District of Texas, has adopted the 'material and substantial consideration' test." *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 348 (S.D. Tex. 2009) (collecting cases).  For a court to determine that a dispute "involves 'substantial and material consideration' of non-bankruptcy federal law, the court must find the claim will involve an interpretation of the federal law rather than the mere application of well-settled law." *Id.* (citing *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953-54 (7th Cir. 1996)).

The law at issue in the claim objection is not well-settled.  One of the biggest issues in resolving the claim objection will be whether the death of Salem Geller—and the resulting transfer of his shares—caused a "change in the identity of the stockholder exercising actual or legal control of the operations of" the Debtor so as to trigger reporting requirements under 27 C.F.R. § 44.107.

5

The United States is unable to find either (a) binding precedent within this Circuit squarely deciding the issue, or (b) a significant number of cases from other Circuits squarely deciding the issue.[7] Any court reaching a decision on the claim objection would first have to interpret this issue of non-bankruptcy federal law.

The Debtor also alleges that the TTB could not make an assessment against the Debtor prior to "a formal appeal conference when requested by a taxpayer." [Doc. No. 89, p. 10] (citing 26 U.S.C. § 5703(d); 27 C.F.R. § 41.60; 26 C.F.R. § 601.521-601.527; 26 C.F.R. § 13.81).  The Debtor further challenges (a) whether a manufacturer an export warehouse proprietor is responsible for the federal excise taxes on tobacco products, (b) when the TTB can determine the tax is due, and (c) whether the TTB can show "domestic diversion" of products that should have been exported.  [Doc. No. 89, p. 2.]  Finally, the Debtors raise issues regarding the interaction of the TTB and Customs and Border Patrol and their respective authority over the transportation of tobacco products intended for export.  [Doc. No. 89, p. 9.] .

The claim objection hinges almost exclusively on non-bankruptcy federal law, and a decision on the claim objection will require a court to substantively interpret that non-bankruptcy federal law.

## B.    More Than a *De Minimis* Effect on Interstate Commerce

The non-bankruptcy federal law at issue has more than a *de minimis* effect on interstate commerce.  Much of the federal law at issue addresses the sale of tobacco products manufactured in some states then transported to other states to be sold.  The goods addressed in these federal

---

[7] *See Gulf Coast Maritime Supply, Inc. v. United States*, 867 F.3d 123, 127-28 (D.C. Cir. 2017) (discussing change in ownership issue in *dicta* but affirming dismissal for lack of subject matter jurisdiction); *Marine Wholesale & Warehouse Co. v. United States*, 315 F.Supp.3d 498, 516-17 (D.D.C. 2018) (discussing change in control in the context of alcohol permits issued to business entities).

statutes and regulations routinely travel across state lines from manufacturer to warehouse. The federal law at issue has a material effect on interstate commerce.[8]

**C.     This Motion is Timely**

The United States files this Motion thirty days after the Debtor filed its objection and only fifteen days after the Debtor properly served its claim objection.  Moreover, the United States files this Motion before either (a) the Debtor has conducted discovery related to its objection, or (b) the Court has conducted a hearing on the objection.  This Motion is timely.  *National Gypsum*, 145 B.R. at 542 (motion to withdraw reference timely when filed thirty-three days after claim objection).

Dated:  December 21, 2018.

                                                                                           Respectfully submitted,

                                                                                           RYAN K. PATRICK,
                                                                                           United States Attorney

By:     *s/ Richard A. Kincheloe*
        Richard A. Kincheloe
        Assistant United States Attorney
        Attorney-in-Charge
        United States Attorney's Office
        Southern District of Texas
        Texas Bar No. 24068107
        S.D. Tex. ID No. 1132346
        1000 Louisiana St., Suite 2300
        Houston, Texas 77002
        Telephone: (713) 567-9422
        Facsimile: (713) 718-3033
        Email:  Richard.Kincheloe@usdoj.gov
        **Attorney for the United States**

---

[8] *See National Gypsum*, 145 B.R. at 542 (patent infringement and antitrust had more than a *de minimis* effect on interstate commerce); *In re Combustion Equipment Associates, Inc.*, 67 B.R. 709 (S.D. N.Y. 1986), *aff'd*, 838 F.2d 35 (2d Cir. 1988) (mandatory withdrawal of reference of CERCLA claim); *Great Western Sugar Co. v. Interfirst Bank, Dallas, N.A.*, 3-85-1755-H, 1985 WL 17671 (N.D. Tex. Nov. 6, 1985) (mandatory withdrawal of reference of ERISA claim).

Ari D. Kunofsky  
Trial Attorney, Tax Division  
Texas Bar No. 24050897  
555 4th St., NW, Suite 6112  
Washington, DC 20001  
Telephone: (202) 353-9187  
Facsimile: (202) 514-6866  
Email:  Ari.D.Kunofsky@usdoj.gov  
**Attorney for the United States**

## Certificate of Service

    The undersigned certifies that he served the foregoing Motion on the parties listed on the attached service list by (a) ECF notification on December 21, 2018, and/or (b) first-class U.S. mail, postage prepaid, on December 21, 2018.

                                                        *s/ Richard A. Kincheloe*  
                                                        Richard A. Kincheloe  
                                                        Assistant United States Attorney

Gulf Coast Maritime Supply, Inc.
5922 Harvey Wilson Drive
Houston, TX 77020-8121

Harris County
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
P.O. Box 3064
Houston, TX 77253-3064

AAA of Texas
PO Box 9179
Coppell, TX 75019-9179

ABC Doors
5100 S. Willow Dr.
Houston, TX 77035-4807

ADT Security Services
3190 South Vaughn Way
Aurora CO 80014-3512

AT&T
PO Box 105414
Atlanta, GA 30348-5414

Alcohol & Tobacco Tax & Trade Bureau
National Renenue Center
550 Main St., Suite 8002
Cincinnati, OH 45202-5215

All American Trading Co.
6622 Supply Row
Houston, TX 77011-4516

All Brand Forklift
12315 Market St.
Houston, TX 77015-6007

American Alternative Insurance Corporation
Roanoke Group
1475 E. Woodfield Rd. #500
Schaumburg, IL 60173-4903

Anheuser-Busch InBev
Brouwerijplein 1
Belgium
Leuven, B-3000

Ann Harris Bennett Tax Assessor
P.O. Box 3547
Houston, TX 77253-3547

B&G Wholesale
1201 W. Pasadena Freeway
Pasadena, TX 77506-1019

Bank Of America
PO Box 851001
Dallas, TX 75285-1001

Barbara Geller
8610 Crescent Gate Ln.
Houston, TX 77024-7026

Blue Cross Blue Shield
PO box 731428
Dallas, TX 75373-1428

Chandler Supply Co.
1242 Kress St.
Houston, TX 77020-7419

Chase
Po Box 94014
Palatine, IL 60094-4014

Cimmaron
4614 Oleander St.
Bellaire, TX 77401-5102

City Of Houston
Po Box 1560
Houston, TX 77251-1560

City Wide Wholesale
801 Service St
Houston, TX 77009-1243

Coastal Provisions
1216 E 27th St.
Houston, TX 77009-1106

Costco Wholesale
PO Box 34783
Seattle, WA 98124-1783

Dean Blumrosen
1207 S. Shepherd
Houston, TX 77019-3611

Dot Foods
4529 Solutions Center
Chicago, IL 60677-4005

E&J Gallo Winery
PO Box 1130
Modesto, CA 95353-1130

E. & J. Gallo Winery
P.O. Box 1130
600 Yosemite Boulevard
Modesto, CA 95354-2760

| | | |
|---|---|---|
| Favorite Brands<br>9010 W Little York Rd.<br>Houston, TX 77040-4114 | Frontier Utilities<br>5444 Westheimer, Suite 1100<br>Houston, TX 77056-5396 | Frontier Utilities<br>Po Box 660094<br>Dallas, TX 75266-0094 |
| GPS Of Texas<br>21439 Pearl Spring<br>San Antonio, TX 78258-6904 | Gallagher Victory<br>PO Box 1890<br>Pearland, TX 77588-1890 | Gene Williamson Tire Co.<br>4610 Canal St.<br>Houston, TX 77011-2010 |
| General Works<br>4912 Mehurin st.<br>Jefferson, LA 70121-3227 | Great Southwest Paper Co.<br>PO Box 15618<br>Houston, TX 77220-5618 | Greater Eastend<br>3211 Harrisburg blvd<br>Houston, TX 77003-2435 |
| Gulf Marine & Industrial Supplies<br>5501 Jefferson Hwy<br>New Orleans, LA 70123-4229 | Gulf States Marine<br>6602 Supply Row<br>Houston, TX 77011-4516 | Harris County Tax Assesor<br>1001 Preston, PO Box 4089<br>Houston, TX 77210-4089 |
| | Haws alarm service<br>PO Box 750333<br>Houston, TX 77275-0333 | Heineken Brouwerijen<br>Stadhouderskade 79<br>Netherlands<br>Amsterdam, 01072 |
| Houston Bag & Burlap<br>3702 Polk<br>Houston, TX 77003-4840 | Houston Customhouse brikers<br>PO Box 60466<br>Houston, TX 77205-0466 | Houston Distributing Company<br>7100 High Life Drive<br>Houston, TX 77066-3713 |
| Imperial Tobacco International<br>Thane Rd - Lenton Industrial estates<br>United Kingdom<br>Nottingham, NG7 5PL | | |
| Jay Geller<br>2946 Carlton Heights Rd.<br>Shaker Heights, OH 44122 | Keith's Auto Service<br>5021 Canal St.<br>Houston, TX 77011-2299 | Kirkpatrick Mathis & Brown LLC<br>12900 Preston Road, Suite 780<br>Dallas, TX 75230-1331 |
| | Lane Property Tax<br>8990 Hempstead Rd #100<br>Houston, TX 77008-6035 | MSC shipping<br>3445 N. Causeway BLVD<br>Metairie, LA 70002-3734 |
| Marine Stores Wholesale<br>5978 Armour Dr<br>Houston, TX 77020-8104 | Matthew Okin<br>Okin Adams LLP<br>1113 Vine St., Suite 201<br>Houston, TX 77002-1045 | Miller Coors<br>24391 Network Place<br>Chicago, IL 60673-1243 |

| | | |
|---|---|---|
| Neville Peterson LLP<br>1400 Sixteenth St., Suite 350<br>Washington, DC 20036-2227 | Overland Express<br>5539 Harvey Wilson Dr<br>Houston, TX 77020-8016 | Paychex Of New York LLC<br>11777 Katy Freeway, Suite 100<br>Houston, TX 77079-1705 |
| Pepsi Cola<br>PO Box 841828<br>Dallas, TX 75284-1828 | Port of Houston Authority<br>PO Box 95279<br>Grapevine, TX 76099-9752 | Prosperity Bank<br>5501 Bissonnet<br>Houston, TX 77081-6109 |
| Prosperity Bank<br>Attn: Charlotte Rasche<br>80 Sugarland Creek Center Blvd.<br>Sugar Land, TX 77478-3542 | Protection 1<br>P.O. Box 49292<br>Whichita, KS 67201-9292 | Redstone Foods<br>1434 Patton Place, Suite 106<br>Carrollton, TX 75007-4926 |
| Republic National<br>8045 Northcourt Rd.<br>Houston, TX 77040-4392 | Rocket Franchising<br>4535 Sunbelt Dr.<br>Addison, TX 75001-5204 | Rollac<br>5331 W. Orange St.<br>Pearland, TX 77581-3237 |
| Sea Shipping Line<br>16801 Greenspoint park<br>Houston, TX 77060-2312 | Ship Services Of Texas<br>1320 Boyle St.<br>Houston, TX 77020-7537 | Silver Line Distributing<br>600 N. Shepherd Dr., Suite 212<br>Houston, TX 77007-1326 |
| Southern Glazer's Of Texas<br>9350 E Point Dr.<br>Houston, TX 77054-3716 | Southern Pride<br>1499 East 40th st.<br>Houston, TX 77022-4105 | Sparklets Water<br>200 Eagle Landing BLVD<br>Lakeland, FL 33810-3058 |
| Specs<br>2410 Smith st.<br>Houston, TX 77006-2398 | Spectrum Foods, Inc.<br>28004 Center Oaks ct., Suite 104<br>Wixom, MI 48393-3360 | Stark Group International<br>200 Forest Drive, Suite 10<br>Greenvale, NY 11548-1216 |
| | TTB<br>PO Box 790353<br>St. Louis, MO 63179-0353 | Texas Alcohol & Beverage Commission<br>P.O. Box 13127<br>Austin, TX 78711-3127 |
| Texas Jasmine<br>7051 Southwest Freeway<br>Houston, TX 77074-2007 | Texas Light and Sound<br>9214 Spellman<br>Houston, TX 77031-2225 | Three G's Properties<br>5922 Harvey Wilson dr.<br>Houston, TX 77020-8121 |
| Todd Leffler<br>1207 S. Sheppherd Dr.<br>Houston, TX 77019-3611 | Travelers Insurance<br>13513 Granada St.<br>Houston, TX 77015-3812 | Tribe 6 Enterprises<br>1010 Spring Cypress Rd. #226<br>Houston, TX 77373-2503 |

Ubiquitous Business Systems
14044 Mint Trail
San Antonio, TX 78232-3509

Waste Connections of Texas
PO Box 660177
Dallas, TX 75266-0177

Weitnauer Duty Free
2315 NW 107 Avenue
Miami, FL 33172-2113

Wendy Young
PO box 1991
Houston, TX 77251-1991

White Rock Products
141-07 20th Avenue suite 403
Whitestone, NY 11357-3045

William Gilbert
11439 Sage King
Houston, TX 77089-5103

Wonderful Pistachios & Almonds
5401 California AVE
Bakersfield, CA 93309-0702

Worldbrands Europe B.V.
3200 CN Spijkenisse
Spijkenisse, 03200
Netherlands

David L Curry Jr
Okin & Adams, LLP
1113 Vine Street, Suite 201
Houston, TX 77002-1045

Genevieve Marie Graham
Porter Hedges LLP
1000 Main Street, 36th Fl.
Houston, TX 77002-6341

John Thomas Oldham
Okin Adams LLP
1113 Vine St.
Ste. 201
Houston, TX 77002-1045

Ryan Anthony O'Connor
Okin Adams LLP
1113 Vine St
Ste 201
Houston, TX 77002-1045

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **Gulf Coast Maritime Supply, Inc.,** | § | |
| | § | |
| **v.** | § | Civ. No. \_\_\_\_\_-cv-_____ |
| | § | |
| **United States of America.** | § | |

## ORDER

The Court has considered the Motion by the United States to Withdraw the Reference, any evidence presented, and any arguments of counsel. The Court is of the opinion and finds that the Motion by the United States to Withdraw the Reference should be granted. It is therefore

ORDERED that the reference is withdrawn to the District Court for the contested matter initiated by the Objection to Claim of the Alcohol and Tobacco Tax and Trade Bureau [Doc. No. 89, Case No. 17-60217] for all purposes including for pre-trial matters.

Signed this _____ day of _____, 201\_\_\_\_.

_____
**UNITED STATES DISTRICT JUDGE**